[No. 10502-7-I.   Division One.   November 29, 1982.]

THE STATE OF WASHINGTON, *Appellant*, v. RICHARD L. JONES, ET AL, *Respondents*.

*Russ Juckett, Prosecuting Attorney,* and *Russell K. Jones, Deputy,* for appellant.

*John R. Muenster* of *Snohomish County Public Defender Association, Raymond H. Thoenig* of *Washington Appellate Defender Association,* and *James F. Pleasants,* for respondents.

WILLIAMS, J.—Richard L. Jones and Leon C. Noel were arrested on August 29, 1980, and charged with possession of cocaine. The State has appealed the trial court's order suppressing evidence seized during the arrest. We reverse.

The unchallenged findings of fact are as follows:

> During the daylight hours of August 29, 1980, Snohomish County Sheriff Reserve Officers HEMPEL and KING were in an unmarked vehicle in a parking lot open to the public on or immediately adjoining the Evergreen Fairgrounds, Monroe, Washington. The officers were on duty during the Evergreen State Fair to observe possible liquor violations originating from the Prairie Market near that location. There were other persons and occupied vehicles in the parking lot.

Finding of fact 1.

> With the unaided eye, the officers observed the Defendants JONES and NOEL drinking from beer cans labeled "Colt 45" in a parked vehicle 50 yards distant. One officer continued observation seeking "further violations" for a brief time with 7x35 binoculars, during which observation one Defendant was seen to place a cylinder object to his nose, ostensibly inhaling cocaine, whereupon the officers immediately approached the Defendants' vehicle with ,drawn guns and observed a blue plastic checkbook, a razor blade, and a tightly rolled $50.00 bill in plain view on the vehicle dashboard. The Defendants were arrested. In a search incident to the arrest, that area

within the Defendants' immediate control yielded the checkbook, razor blade, $50.00 bill, cocaine, and marijuana.

Finding of fact 2.

The conclusions of law challenged by the State are as follows:

> Upon those facts above, the Defendants did have a reasonable expectation of privacy while seated in their vehicle, specifically a reasonable expectation of freedom from binocular observation.

Conclusion of law 2.

> The binocular observation was a warrantless, unreasonable search without exigent circumstances prohibited by the Fourth Amendment and Article I, Section 7 of the State Constitution.

> The practical effect of these findings, and conclusions is to terminate the case within the meaning of RAP 2.2(b)(2).

Conclusion of law 3.

■ The sole issue is whether the observation of the activities in the car with the aid of binoculars was prohibited by the United States or state constitutions. It was not. The use of binoculars to view what is otherwise visible violates neither the Fourth Amendment nor its counterpart in the Washington Constitution. *State v. Manly,* 85 Wn.2d 120, 530 P.2d 306, *cert. denied,* 423 U.S. 855, 46 L. Ed. 2d 81, 96 S. Ct. 104 (1975); *see generally Katz v. United States,* 389 U.S. 347, 351, 19 L. Ed. 2d 576, 88 S. Ct. 507 (1967). The rule is that:

> Fourth Amendment restrictions should not be imposed when the police have done no more than: (1) use binoculars to observe more clearly or carefully that which was in the open and thus subject to some scrutiny by the naked eye from the same location; or (2) use binoculars to view at a distance that which they could have lawfully observed from closer proximity but for their desire not to reveal the ongoing surveillance.

1 W. LaFave, *Search and Seizure* § 2.2, at 258 (1978). ·  ·

In performing their peacekeeping duties, the officers had

a right to be where they were and also the right to act on what they saw. Neither their observations nor their subsequent approach to defendants' car violated any reasonable expectation of privacy.

Reversed and remanded.

SWANSON and CORBETT, JJ., concur.

Reconsideration denied January 13, 1983.

Review denied by Supreme Court March 11, 1983.